**REVISED**

United States Court of Appeals,

Fifth Circuit.

Nos. 97-30042, 96-11470.

Raymundo VENEGAS, Petitioner-Appellee,

v.

G.L. HENMAN, Warden Federal Detention Center, Oakdale, Louisiana,
Respondent-Appellant.

Steve P. WILSON; et al., Plaintiffs,

 Steve P. Wilson; Martin D. Arrasmith; Clyde Devers, Plaintiffs-
Appellants,

v.

Roy Lee SIMPSON, et al., Defendants,

 Roy Lee Simpson; Ronnie Giambra, Defendants-Appellants,

v.

 BUREAU OF PRISONS; Kathleen Hawk Davis; George E. Killinger,
Warden, FCI Ft. Worth, Defendants-Appellees.

Oct. 31, 1997.

Appeal from the United States District Court for the Western
District of Louisiana.

Appeal from the United States District Court for the Northern
District of Texas.

Before REYNALDO G. GARZA, SMITH and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

In the context of a habeas corpus petition, this Court reviews the district court's determinations of law *de novo* and its findings of facts for clear error. This appeal raises related issues of first impression in this Circuit. The Bureau of Prisons

1

has authority to reduce, by up to one year, the sentences of offenders convicted of nonviolent offenses who successfully complete substance abuse treatment. The first issue is whether the Bureau of Prisons' classification of convictions for violation of 18 U.S.C. § 922(g) (felon-in-possession of a firearm) as violent is erroneous as a matter of law. The second is whether the Bureau of Prisons' classification of convictions for violation of 21 U.S.C. § 841(a)(1) (drug possession with intent to distribute), with a sentence enhancement for possession of a weapon, as violent is erroneous as a matter of law.

We conclude that the Bureau of Prisons' classifications of felon-in-possession convictions and drug convictions with a sentence enhancement for possession of a weapon are reasonable and consistent with the authority and discretion granted to the Bureau by Congress. As such, these classifications are not erroneous as a matter of law. Accordingly, we affirm the denial of habeas relief to the petitioners in *Wilson v. Bureau of Prisons,* No. 96-11470, and reverse the granting of habeas relief to the petitioner in *Venegas v. Henman,* No. 97-30042.

*Background*

In the first of the two cases under consideration, *Venegas v. Henman,* No. 97-30042, the district court granted Raymundo Venegas' habeas corpus petition and ordered the Bureau of Prisons to reduce his sentence by one year. The court concluded that the Bureau's

2

classification of Venegas' felon in possession conviction[1] as violent conflicted with the plain language of the statute granting the Bureau's authority to reduce sentences for nonviolent offenders who complete substance abuse treatment. In the companion case, *Wilson v. Bureau of Prisons,* No. 96-11470, several prisoners convicted of felon-in-possession violations[2] and drug possession violations with sentence enhancements for possession of a weapon[3] filed habeas corpus petitions after the Bureau of Prisons denied reductions in their sentences. The district court dismissed several petitions due to the petitioners' failure to exhaust administrative remedies and denied the remaining petitions based on the petitioners' failure to establish a deprivation of a liberty interest.

---

[1]In 1994, Venegas pleaded guilty to: possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g); and using a communication facility to facilitate a felony, in violation of 21 U.S.C. § 846. Venegas possessed an AK-47 rifle during a drug transaction, and the district court enhanced his offense level on that basis. The district court sentenced Venegas to 80 months in prison and to five years of supervised release.

[2]The district court sentenced petitioner-appellant Martin Arrasmith, for example, after convicting him of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The police found Arrasmith, a previously convicted felon, in possession of seven firearms.

[3]The district court sentenced petitioner-appellant Ronald Giambra for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. The court enhanced Giambra's offense by two points for possession of a dangerous weapon/firearm under U.S. Sentencing Guideline Section 2D1.1(b)(1) after Giambra admitted to the court that he was the owner of the .25 caliber Jennings semi-automatic pistol and loaded magazine which police seized from the vehicle Giambra was driving.

*Statutory and Regulatory Background*

The enabling statutes regarding eligibility for substance abuse treatment and related sentence reduction explicitly vest considerable discretion with the Bureau of Prisons. Section 3621(b) of United States Code Title 18 requires the Bureau to make substance abuse treatment available for "each prisoner *the Bureau determines* has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b) (1997) (emphasis added). As an incentive for prisoners to complete treatment, section 3621(e) provides that prisoners who, "*in the judgment of the Director of the Bureau of Prisons,* [have] successfully completed a program of residential substance abuse treatment ... shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate." 18 U.S.C. § 3621(e)(2)(A) (1997) (emphasis added). The legislative history of section 3621(e) states that the determination of successful completion of a substance abuse treatment programs is to be "based on criteria *established and applied by the Bureau of Prisons.*" H.R.Rep. 103-320, 103rd Cong., 1st Sess. (1993). For prisoners convicted of "nonviolent" offenses who have successfully completed treatment, the period of continued custody "*may be reduced by the Bureau of Prisons,* but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (1997) (emphasis added).

The Bureau issued regulations governing substance abuse treatment programs, *see* 28 C.F.R., Subpt. F, § 550.50, *et seq.,*

4

which exclude inmates "whose current offense is determined to be a crime of violence as defined in 18 U.S.C. 924(c)(3)" from eligibility for early release. 28 C.F.R. § 550.58 (1997). Section 924(c)(3) defines a crime of violence as a felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (1997). Bureau of Prison Program Statement No. 5162.02 explicitly excludes from the category of "nonviolent" offenders eligible for early release those prisoners convicted of possession of a firearm by a convicted felon and those prisoners serving enhanced sentences under United States Sentencing Guideline section 2D1.1(b)(1) due to possession of a dangerous weapon during the underlying offense.

*Discussion*

The Bureau did not exceed its statutory authority by using its discretion to exclude from consideration for early release those prisoners convicted of possession of a weapon by a felon and offenses enhanced under the sentencing guidelines for possession of a weapon. The Bureau of Prisons' internal agency guidelines, an interpretive rule not subject to the Administrative Procedure Act's notice-and-comment requirements, is entitled to some deference from a reviewing court as long as the Bureau's interpretation is based on a "permissible construction of the statute." *Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995) (quoting

5

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984)). Section 3621(e)(2) provides:

(B) Period of custody.—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. 3621(e)(2)(B) (1997). The plain meaning of this mandate is not clear. One possible interpretation is that the statute only authorizes the Bureau to look to the specific elements of the base offense in determining what constitutes a "nonviolent offense." *See Downey v. Crabtree,* 100 F.3d 662, 668 (9th Cir.1996) ("The operative word of § 3621(e)(2)(B) is "convicted.' "). Another interpretation is that the use of the phrase "a nonviolent offense" merely excludes all inherently violent offenses from eligibility for consideration, while leaving to the Bureau's discretion the determination of which other offenses will or will not be eligible for consideration. Under this reasoning, "may be reduced by the Bureau of Prisons" is the operative language in the statute.

The latter interpretation, which leaves the Bureau with the discretion necessary to fulfill the purpose of the statute, is the better interpretation. The stated purpose underlying section 3621(e) is to reduce recidivism, which in turn eases prison overcrowding and ultimately prevents crime. H.R.Rep. 103-320, 103rd Cong., 1st Sess. (1993).[4] Section 3621(e)(2)(B) provides an

_____

[4]The legislative history devotes considerable attention to the connection between drug addiction and criminal activity, as well as the dramatic effect substance abuse treatment can have on

6

incentive for prisoners to undergo substance abuse treatment.  The statute, however, does not extend this incentive to crimes of violence.  Although the Bureau may find a violent offender to be eligible for substance abuse treatment, thereby fostering rehabilitation and, hopefully, reducing recidivism rates, Congress has determined that the incentive of early release is not appropriate for violent offenders.  This exclusion preserves the punitive and deterrent effects of harsher sentencing for violent offenders.  The discretion vested in the Bureau to determine what offenses, in context, are violent for purposes of section 3621(e) and, therefore, not appropriate for exposure to the incentive of early release, fulfills the will of Congress and satisfies both the wording and the intent of the statute.  Consistent with this rationale, the Eighth Circuit recently agreed with the Bureau's conclusion that use of a firearm during and in relation to a drug trafficking crime "is clearly not a nonviolent offense within the meaning of § 3621(e)(2)(B)."  *Sesler v. Pitzer,* 110 F.3d 569, 572 (8th Cir.1997), *petition for cert. filed* (July 7, 1997) (No. 97-5126).[5]

---

recidivism rates.  H.R.Rep. 103-320, 103rd Cong., 1st Sess. (1993).

[5]In addition to finding the Bureau's exercise of discretion in defining "nonviolent offense" to be reasonable in itself, *Sesler,* 110 F.3d at 571-72, the *Sesler* court pointed to 42 U.S.C. section 3796ii-2, which includes in the definition of violent offender:

> a person who ... is charged with or convicted of an offense, during the course of which offense or conduct ... the person carried, possessed, or used a firearm or dangerous weapon ... without regard to whether any of [these circumstances] is an element of the offense or

To the extent that the Ninth Circuit adopted a different interpretation of section 3621(e)(2)(B) in *Downey,* we respectfully disagree. Limiting the Bureau's discretion so as to require early release for all prisoners convicted of offenses which do not include an act of violence as a necessary element would frustrate the intent of Congress by exposing prisoners whose criminal conduct presented a significant risk of violence to the incentive of early release. On the other hand, the Bureau's determination of which prisoners should be exposed to this incentive, based on the presence of a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *see* 18 U.S.C. § 924(c)(3) (1997), is in accord with section 3621(e)'s mandate that the incentive of early release is not appropriate for violent offenders.

conduct of which or for which the person is charged or convicted....

42 U.S.C. § 3796ii-2 (1994) (repealed by Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104-134, § 20112, 110 Stat. 1321). Although section 3796ii-2 had since been repealed, the court noted that Congress enacted both section 3796ii-2 and section 3621(e)(2)(B) as part of the Violent Crime Control and Law Enforcement Act of 1994.

*Sesler,* 110 F.3d at 572. The court continued "[c]onsequently, it is reasonable to construe terms common to both § 3796ii-2 and § 3621(e)(2)(B) to have the same meaning." *Id.* (citing *Reno v. Koray,* 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) and *Gozlon-Peretz v. United States,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) as supporting reference to other, related legislative enactments when interpreting specialized statutory terms based on a presumption that Congress legislated with reference to those terms). Accordingly, the court drew further support for the reasonableness of the Bureau's interpretation of "nonviolent" for section 3621(e)(2)(B) purposes from the fact that Congress expressly included persons charged or convicted of offenses involving the possession or use of a firearm in the definition of violent offenders under section 3796ii-2. *Id.*

8

Furthermore, forcing the Bureau of Prisons to expose violent offenders to the incentive of early release, as the court did in *Downey,* may result in the paradoxical result of denying otherwise eligible prisoners access to treatment. The court in *Downey* acknowledged that the Bureau has the discretion to determine which prisoners are eligible for treatment. If the Bureau has, in its discretion, excluded certain violent offenders from exposure to the incentive of early release and a court takes that discretion away, the Bureau could achieve the same result by simply denying those offenders access to treatment in the first place.

Additionally, reliance on case law limiting the definition of "crimes of violence" and "nonviolent crimes" in the context of certain Sentencing Guidelines is misplaced. The Sentencing Guidelines do not include the crime of possession of a weapon by a felon as a crime of violence. USSG § 4B1.2(1), comment. (n. 2) (1995). Similarly, for purposes of sentence enhancement based on a prior conviction for a crime of violence, the Sentencing Guidelines allow the court to consider only the specific elements of the prior offense. *See, e.g., Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990). These cases deal with enhancing a sentence based on prior offenses, which primarily serves punitive and deterrent purposes. *See* USSG Ch. 1, Pt. A, intro. comment (n. 2) (1995) (reciting statutory mission of Sentencing Guidelines as furthering "the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation."). The Sentencing Guidelines serve these purposes

9

*ex ante,* while decisions regarding early release of prisoners necessarily must consider these purposes *ex post.* Accordingly, Congress excluded violent offenders from consideration for early release as an incentive for participation in substance abuse treatment. Where a risk of violence is involved, the connection between substance abuse treatment and reduction in recidivism becomes more tenuous. Similarly, where a risk of violence is involved, consideration of public safety takes on added importance in the context of early release.

In a similar context, that of pre-trial release, this Court has found that an act of violence reasonably connected to the specific offense charged could establish a crime of violence for purposes of denying release. *United States v. Byrd,* 969 F.2d 106, 110 (5th Cir.1992). In so finding, we noted that "it is not necessary that the *charged offense* be a crime of violence[,]" as long as there is a nexus between the violent conduct and the charged offense. *Id.* In the context of pre-trial release, as in the present context of early release from prison, public safety is an important consideration that, when combined with conduct presenting a risk of violence, justifies denial of release. *See id.* at 109-111. Under such circumstances, it is not only reasonable, but also advisable to consider conduct connected to the charged offense which presents a risk of violence. This consideration is in accord with the definition of crimes of violence adopted by the Bureau of Prisons, which includes a felony "that by its nature, involves a substantial risk that physical

10

force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3) (1997). In addition, this language belies the proposition that actual violence must be an element of the charged offense by speaking in terms of "a substantial risk" of force that "may be used."  The Bureau of Prisons determination that a sufficient nexus exists between the offenses at issue and a substantial risk of violence is a valid exercise of discretion which this Court will not disturb.

*Conclusion*

The Bureau of Prisons' exclusion of felon-in-possession of a weapon convictions and drug convictions with enhanced sentences due to possession of a weapon from eligibility for early release after substance abuse treatment is consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e).  The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest.  *See Luken v. Scott,* 71 F.3d 192, 193 (5th Cir.1995) (holding that *opportunity* to earn good-time credits, which *might* lead to earlier release does not constitute a constitutionally protected liberty interest), *cert. denied,* --- U.S. ----, 116 S.Ct. 1690, 134 L.Ed.2d 791 (1996). Accordingly, we REVERSE the order granted by the district court in *Venegas v. Henman,* No. 97-30042, and AFFIRM the dismissals and denials of habeas relief ordered by the district court in *Wilson, et al. v. Bureau of Prisons, et al.,* No. 96-11470.

11