IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50173
Summary Calendar
_____

NICOLAS LONDONO,

Petitioner-Appellant,

versus

LESTER E. FLEMING,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-182
- - - - - - - - - -
December 1, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Nicolas Londono, federal prisoner # 43758-066, pleaded guilty to conspiracy to distribute cocaine and was sentenced to 120-months of incarceration, the result of a two-level enhancement in offense level because his coconspirator carried a weapon in furtherance of the conspiracy. Londono enrolled in and successfully completed the residential drug abuse treatment program at the prison. The program provides for a sentence reduction of up to one year for inmates whose offense of conviction was nonviolent. 18 U.S.C. § 3621(e)(2)(B). The

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bureau of Prisons (BOP) concluded that Londono was not eligible for the sentence reduction because his sentence for the narcotics offense had been enhanced for carrying a weapon.

Londono filed an application for habeas corpus relief under 28 U.S.C. § 2241 challenging this action of the BOP. Without serving the respondent either with the suit or the judgment, the district court granted Londono habeas relief by ordering the BOP to consider him a nonviolent offender for the purpose of determining his eligibility for the one-year sentence reduction. R. 61-66. On motion of the respondent, under Fed. R. Civ. P. 60(b), the district court vacated the original judgment and ultimately denied relief under Venegas v. Hennman, 126 F.3d 760, 761 (5th Cir. 1997).

The district court did not abuse its discretion in granting Rule 60(b) relief to the respondent. See Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992); Hester Int'l. Corp. v. Federal Republic of Nigeria, 879 F.2d 170 (5th Cir. 1989). Additionally, this court in Venegas addressed Londono's contentions and held that the BOP's "exclusion of . . . drug convictions with enhanced sentences due to possession of a weapon from eligibility for early release after substance abuse treatment is consistent with the Bureau's authority." Venegas, 126 F.3d at 763-64. The district court's judgment is AFFIRMED. Londono's motion to supplement the record is DENIED.

AFFIRMED; MOTION DENIED.