**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARTIN D. ARRASMITH,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA;
JANET RENO, United States Attorney
General; KATHLEEN M. HAWK,
Director of Bureau of Prisons;
J.W. BOOKER, Warden, United States
Penitentiary, Leavenworth,

      Respondents-Appellees.

No. 98-3214
(D.C. No. 98-3199-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Martin D. Arrasmith is a federal prisoner currently incarcerated in Leavenworth, Kansas, serving a seventy-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  His projected date of release from prison is July 21, 1999.  In June 1996, Mr. Arrasmith successfully completed a residential substance abuse treatment program and applied to the Federal Bureau of Prisons for early release under 18 U.S.C. § 3621(e)(2)(B).  The Bureau determined Mr. Arrasmith's conviction for unlawful possession of a firearm by a felon constituted a "crime of violence" under 18 U.S.C. § 924(c)(3), making him ineligible for a sentence reduction under § 3621(e)(2)(B).  He then filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the district court challenging the Bureau's denial of his request for sentence reduction.  *Cf. Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").  The district court held the Bureau's conclusion that a § 922(g)(1) conviction is a crime of violence was not unreasonable or contrary to law and denied the petition.  Mr. Arrasmith appeals.  He has also requested an expedited disposition, which we grant.

The government did not respond to the petition in the district court and has not filed a brief on appeal. However, it has submitted, as supplemental authority, a decision from the Fifth Circuit indicating that Mr. Arrasmith filed an identical petition while incarcerated within that circuit's jurisdiction. *See Venegas v. Henman*, 126 F.3d 760 (5th Cir. 1997). The Fifth Circuit affirmed the denial of that petition on the merits of the precise issue he raises in the instant petition. *See id.* at 765. The petition therefore is successive as a matter of law, and the district court should not have considered it on the merits. *See* 28 U.S.C. § 2244(a)

We therefore VACATE the district court's judgment and REMAND the case to the district court with instructions to dismiss the petition. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-3-