IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60380
Conference Calendar
_____


SIDNEY S. NORTH,

                                        Petitioner-Appellant,

versus

KHURSHID YUSUFF, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CV-40-BrS
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

     Sidney North, federal prisoner # 15451-083, appeals the district court's dismissal of his habeas petition for want of jurisdiction. The district court construed North's 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion. North argues that he was erroneously sentenced under the Sentencing Reform Act of 1984 for his offenses which occurred in 1987, that he is entitled to parole and good-time credit under pre-Sentencing Guidelines law, and that he is challenging the manner in which his sentence is being executed and not his conviction.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's dismissal of North's 28 U.S.C. § 2241 petition <u>de</u> <u>novo</u>.  See <u>Venegas v. Henman</u>, 126 F.3d 760, 761 (5th Cir. 1997).  The district court correctly determined that North's petition challenged the validity of his sentence, not the manner in which it was being carried out, and the court properly construed North's complaint as a 28 U.S.C. § 2255 motion.  <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000); <u>Kinder v. Purdy</u>, 222 F.3d 209, 212 (5th Cir. 2000).  North must file his 28 U.S.C. § 2255 challenge in the court which imposed the sentence, and the dismissal of North's petition for lack of jurisdiction was not error.  <u>See</u> <u>Ojo v. Immigration and Naturalization Service</u>, 106 F.3d 680, 683 (5th Cir. 1997).  His motion to file an out-of-time reply brief is GRANTED.

AFFIRMED.