**Gerald JOHNSON, Petitioner–Appellant,**

v.

**CCA–NORTHEAST OHIO CORRECTIONAL CENTER WARDEN, Respondent–Appellee.**

**No. 00–4483.**

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

---

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge.*

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Gerald Johnson appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, Johnson sued the warden of the Northeast Ohio Correctional Center, alleging that his constitutional rights were violated by the placement of a false disciplinary report in his prison file. The district court concluded that Johnson's claim was without merit and dismissed the petition. In this timely appeal, Johnson moves to proceed in forma pauperis (IFP), and the respondent moves to dismiss the case because Johnson has not obtained a certificate of appealability.

■ We initially note that Johnson's petition is more properly construed as a civil rights action brought under 42 U.S.C. § 1983. When a state prisoner seeks an immediate or speedier release from incarceration, he must pursue his claims in a § 2254 habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, Johnson does not seek release from incarceration; rather, he requests that an allegedly false disciplinary report be expunged from his prison file. If Johnson's complaint is given the liberal construction required for pro se pleadings, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999), it is clear that he is attempting to bring an action for violations of his civil rights under § 1983. Since this case is properly construed as brought under § 1983, and not under § 2254, Johnson does not require a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

■ Nonetheless, the district court properly dismissed Johnson's case because it failed to state a claim. This court reviews de novo a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

■ Even if Johnson's factual allegations are accepted as true, he has not set forth sufficient facts that would entitle him to relief. Johnson alleges that he was assaulted by prison staff and that, in an effort to cover-up their misconduct, these staff members filed a false disciplinary report against him. Johnson asserts that these staff members subsequently were fired because of their assault upon him and he was awarded monetary damages due to the assault in a separate lawsuit. Johnson now seeks to have the disciplinary report expunged from his prison file. A prisoner has a limited right to have erroneous information expunged from his prison file. *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir.1979). The prisoner must establish that: 1) certain information is in the prison file; 2) the information is false; and 3) the information is relied on to a constitutionally significant degree. *Id.*

■ Johnson has not alleged that the disciplinary report has been relied on to a constitutionally significant degree. Johnson asserts that the report is being used to keep him in a maximum security prison. However, a prisoner has no right to a particular security level, *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), or placement in a par-

ticular prison. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). While Johnson also speculates that the false disciplinary report may be used one day to deny him parole, such speculative, collateral consequences of the report are insufficient to create a liberty interest. *See Venegas v. Henman,* 126 F.3d 760, 765 (5th Cir.1997); *Luken v. Scott,* 71 F.3d 192, 193–94 (5th Cir.1995).

Accordingly, this court grants Johnson IFP status solely for the purpose of deciding this appeal, denies the respondent's motion to dismiss, and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.