IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31000
Summary Calendar

_____

ERIC SIMMONS,

Petitioner-Appellant,

versus

CARL CASTERLINE; UNITED STATES PAROLE COMMISSION,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-105
--------------------
January 28, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Eric Simmons, federal prisoner # 36382-118, appeals the district court's denial of his 28 U.S.C. § 2241 petition. In that petition, he challenged the United States Parole Commission's (USPC) determination denying him reparole. He argues that it is inappropriate for the USPC to apply the federal regulations to determine a District of Columbia Code offender's suitability for reparole and, further, that the application of the federal regulations violates the Ex Post Facto Clause.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's determinations of law <u>de novo</u> and its findings of fact for clear error. <u>Venegas v. Henman</u>, 126 F.3d 760, 761 (5th Cir. 1997). The USPC exercises authority over District of Columbia Code offenders, having sole authority to grant them parole, and the federal regulations constitute the parole rules of the District of Columbia. 28 C.F.R. § 2.70(a). Consequently, the USPC's decision to grant or deny reparole is made by reference to the reparole guidelines found in the Code of Federal Regulations, and all reparole hearings are to be conducted according to the procedures set forth therein. <u>Id</u>. at § 2.81(a), (d). Therefore, application of the federal regulations to determine Simmons's suitability for reparole was correct. We reject Simmons's argument that application of the federal regulations changed his reparole hearing date and thus increased the punishment attached to his crimes in violation of the Ex Post Facto Clause. <u>See</u> <u>California Dep't of Corrections v. Morales</u>, 514 U.S. 499, 508-10 (1995).

AFFIRMED.