IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

—————————————

No. 04-10779

—————————————

STEVEN M. GRIGGS

Plaintiff-Appellant

versus

UNITED STATES OF AMERICA, ET. AL.

Defendants-Appellees

—————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-204A

—————————————

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Steven Griggs appeals the district court's denial of his habeas petition under 28 U.S.C. § 2241. In denying the petition, the district court held that Griggs had no protected liberty interest in his conditional release prior to the expiration of his sentence under 18 U.S.C. § 3621(e). For the reasons below, we VACATE and REMAND.

<u>Background</u>

1. <u>Statement of Facts</u>

---

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

In 1994, Steven Griggs plead guilty to conspiracy to manufacture, distribute, and possess 100 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. He received a two-level enhancement at sentencing because he possessed a firearm during the offense; his ultimate sentence was 292 months of imprisonment. In November of 1995, he agreed to participate in the 500 Hour Residential Drug Abuse Program ("DAP") at the El Reno, Oklahoma Federal Correctional Institution.  He entered the residential phase on December 29, 1995.

Four days later, on January 2, 1996, he was told he was ineligible for early release under the DAP guidelines because his crime was considered a crime of violence under 18 U.S.C. § 924(c)(3) and Program Statements 5162.02 and 5330.10.  After completing the residential phase in January of 1997, Griggs filed a Request for Administrative Remedy seeking a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B). The Bureau of Prisons ("BOP") denied the request on the ground that his drug conviction with a sentence enhancement for possession of a firearm, constituted a crime of violence, rendering him ineligible for early release. Griggs's administrative appeals were unavailing.

In January of 1998, Griggs filed a § 1983 suit in the United States District Court for the District of Columbia, challenging the BOP's ineligibility determination. The case was transferred to the United States District Court for the Western District of Oklahoma, as Griggs was then incarcerated at the Federal Transfer Center in Oklahoma City. In December of that year, the Oklahoma federal court dismissed his suit for failure to state: 1) a § 1983 claim because defendants were not state officials; 2) a claim for compensatory damages because defendants were entitled to sovereign immunity; and 3) a due process claim because he had no protected liberty interest in his sentence reduction. The district court construed his request for injunctive or declaratory relief as a 28 U.S.C. § 2241 petition.  The Oklahoma federal court adopted the Magistrate's Report and Recommendation, which concluded that Griggs "is entitled to be considered for a

2

§ 3621 sentence reduction . . ."  The Oklahoma court then "directed [the BOP] to consider . . . whether Plaintiff should receive a sentence reduction under 18 U.S.C. § 3621 for his successful completion of the drug treatment program without reliance upon sentencing factors."  In January of 1999, the Government filed a response indicating that in October, 1998, prior to the Oklahoma court's judgment, "[p]laintiff's eligibility for early release pursuant to 18 U.S.C. § 3621(e) was reviewed and granted on October 20, 1998. Plaintiff's projected satisfaction date has been recalculated. . . ."  (emphasis in the original).

By September of 2001, Griggs had been transferred to the Federal Medical Center in Fort Worth, Texas.  At that time, he filed a motion in the Oklahoma district court seeking to compel the BOP to perform its duty. According to Griggs, after his transfer the BOP rescinded his eligibility for a sentence reduction. He alleged that the BOP's decision violated a constitutionally-protected liberty interest in his early release, created at the time the BOP determined that he was eligible under § 3621(e). The BOP, on the other hand, explained that its decision to rescind was based on a recent United States Supreme Court decision upholding the validity of the 1997 version of the regulations that permitted the BOP within its statutory discretion to consider sentencing factors. See Lopez v. Davis, 531 U.S. 230, 235 (2001).

Ruling on Griggs' motion to compel, the Oklahoma federal court held that no liberty interest in a sentence reduction had been created, and that Griggs could not establish a violation of due process. In addition, the Oklahoma federal court determined that the BOP's decision did not constitute retroactive application of a new BOP policy because the BOP had always maintained that offenders with sentence enhancements for possession of a firearm at the time of the offense were ineligible for § 3621(e) early release. On appeal, the Tenth Circuit construed Griggs' motion to compel as a § 2241 petition and determined that the Oklahoma

federal court lacked jurisdiction since Griggs was confined in Texas. The Tenth Circuit took a "quick look" at the merits of Griggs' claims, and "conclude[d] that plaintiff's claims have sufficient merit to warrant a transfer to the Northern District of Texas." Griggs, 79 F. App'x at 363.

Accordingly, the Tenth Circuit vacated the second Oklahoma federal court judgment on the motion to compel and remanded the case with instructions to transfer the case to the United States District Court for the Northern District of Texas. The Texas district court adopted the reasoning of the Oklahoma district court and denied the petition. Griggs timely appeals.

2. Conditional Release under 18 U.S.C. § 3621(e)

As incentive for inmate participation in substance abuse treatment programs, 18 U.S.C. § 3621(e)(2)(B) provides that prisoners convicted of "nonviolent offenses who complete [such a program] may apply for a sentence reduction of up to one year; the determination lies in the discretion of the director of the Bureau of Prisons ("BOP")." In May of 1995, the BOP promulgated 28 C.F.R. § 550.58, which defines "nonviolent offense" by excluding those offenders convicted of offenses that meet the definition of "crime of violence" in 18 U.S.C. 924(c)(4). See Warren v. Miles, 230 F.3d 688, 691 (5th Cir. 2000). In July of 1995, the BOP issued Program Statement 5162.02, which defines "crime of violence" within the context of § 3621. Id. BOP's Change Notice CN-01 to Program Statement 5162.02, clarified the definition of "crime of violence" by listing examples of ineligible inmates and included inmates serving a sentence for drug conspiracy enhanced for possession of a firearm, like Griggs. Id. at 691-92.

We have held that, under the 1995 version of § 550.58, the BOP's "exclusion of . . . drug convictions with enhanced sentences due to possession of a weapon from eligibility for early release after substance abuse treatment is consistent with the letter and spirit of the [BOP]'s authority as derived from [§ 3621(e)]."

4

Venegas v. Henman, 126 F.3d 760, 761-62 (5th Cir. 1997). The Tenth Circuit, however, takes a different approach. Faced with the same question in 1998, that Circuit held that the language of the statute "does not permit resort to sentencing factors or sentencing enhancements attached to the nonviolent offense[]" and that the BOP's construction of the 1995 version of the regulations was therefore impermissible. Fristoe, 144 F.3d at 631. In essence, the 1995 regulations would not apply in the Tenth Circuit, thus rendering inmates, like Griggs, eligible for a sentence reduction; the regulations, however, would apply within the Fifth Circuit rendering inmates, like Griggs, ineligible.

The BOP published a new § 550.58 in 1997. While the new version of the regulation still excluded offenders in possession of a firearm during the offense, the 1997 regulation did not do so by defining "prisoner convicted of a nonviolent offense" or "crimes of violence." Lopez, 531 U.S. at 235. "Instead, the [1997] regulation relie[d] upon 'the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates.'" Id. (quoting Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration, 62 Fed. Reg. 53,690 (Oct. 15, 1997)). In 2001, the Supreme Court upheld the validity of the 1997 version of § 550.58. See Lopez, 551 U.S. at 244.

According to the BOP's Operations Memorandum,[2] an inmate who successfully completes the residential phase of a DAP in a Tenth Circuit Institution remains eligible for his sentence reduction even if he is later transferred out of the Tenth Circuit. The Memorandum states, however, that in

---

[2]The Operations Memorandum states:
To maintain eligibility upon transfer out of the Tenth Circuit, an inmate whose offense includes sentence enhancement factors must have completed the residential drug treatment program on or after April 28, 1998 [i.e., the date the Tenth Circuit issued its decision in Fristoe], in a Tenth Circuit institution.

5

order to maintain that eligibility "an inmate whose offense includes sentence enhancement factors must have completed the residential drug treatment program on or after April 28, 1998 in a Tenth Circuit institution." Griggs completed the residential program before April 28, 1998.

Analysis

On appeal,[3] Griggs argues 1) that the BOP violated his due process rights by retroactively applying a more restrictive version of 28 C.F.R. § 550.58, i.e., the 1997 regulations, in deciding to rescind the early release; 2) that his due process rights were violated when the BOP rescinded the § 3621(e) sentence reduction without any written notification or opportunity to be heard and 3) his rights to the sentence reduction should be preserved as res judicata and/or collateral estoppel.

The Government responds with several arguments: 1) the conditions of the Operations Memorandum are not fulfilled, so Griggs did not maintain his eligibility when he was transferred from the Tenth to the Fifth Circuit; 2) the BOP official who denied Griggs eligibility erroneously relied solely on Lopez, but should have relied on the Fifth Circuit's opinion in Venegas, which upheld the BOP's 1995 regulations; 3) even if the denial was based on Lopez, the BOP has always maintained that felons like Griggs are ineligible, and therefore the 1997 regulation as applied to Griggs was no more restrictive than policies in existence when it granted Griggs eligibility; and 4) res judicata is not applicable to successive federal habeas petitions.

We agree with Griggs that res judicata bars the BOP from raising any arguments that Griggs must now be determined ineligible based on sentencing

---

[3] Griggs satisfied administrative exhaustion requirements. See Griggs v. United States, 2004 WL 1084816 *1 & n.2 (N.D. Tex. May 13, 2004) (unpublished).

factors.[4]  Since the BOP's asserted bases below and on appeal for rescinding Griggs' eligibility rely on the applicability of sentencing factors, we now reinstate Griggs' eligibility and order the BOP to comply with the previous court order and determine "whether Plaintiff should receive a sentence reduction under 18 U.S.C. § 3621 for his successful completion of the drug treatment program without reliance upon sentencing factors."

## 1. Standard of Review

We review issues of law related to a denial of habeas relief under § 2241 de novo. Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998). We also review pro se briefs liberally.  Johnson v. Quarterman, 479 F.3d 358, 359 (5th Cir. 2007)  (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## 2. Res judicata Demands BOP Determine Griggs' Eligibility for a Sentence Reduction Without Considering Sentencing Factors

The dispositive question in this appeal is whether the BOP can consider sentencing factors, such as the possession of a firearm during the commission of the crime, in determining Griggs' eligibility for a sentence reduction under 18

---

[4]  We may apply res judicata sua sponte. See Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992) (res judicata may be raised sua sponte because the court may not ignore the legal effect of uncontroverted facts or decline to consider application of controlling rules of law to dispositive facts).  Moreover, in the pleadings below, the Government interprets Griggs' argument as raising res judicata and collateral estoppel issues, and presents a counterargument that the "law of the case" should be the applicable doctrine.  The Government states in the record below:

> Plaintiff argues he has been eligible for early release for nearly three years, and the Bureau of Prisons cannot now, on a whim, take away that vested interest, essentially arguing the principle of res judicata or issue preclusion. Defendant counters that the "law of the case" doctrine, and not issue preclusion, is applicable to this case.

Defendant's Response to Plaintiff's Motion to Compel An Officer Or Agency Of the United States To Perform Its Duty, R. 391, 393-94 (Sept. 21, 2001).  We agree with Griggs. Griggs' claims below and on appeal are arguments based on the principles of res judicata to enforce a previous judgment and compel the satisfaction of that judgment.  See "Motion To Compel An Officer or Agency Of The United States to Perform Its Duty." R. at 376.  Construed liberally, Griggs' motion requests a federal court to enforce the previous order and grant of habeas relief.

U.S.C. § 3621. This exact issue was already litigated between the parties. In the original action before the Oklahoma district court, the district court considered arguments from both Griggs and the BOP concerning the use of sentencing factors in determining Griggs' eligibility for a sentence reduction. See Defendant's Motion to Dismiss and Brief to Support, at R. 126-27 (May 26, 1998).

The district court granted Griggs habeas relief and fully adopted the Magistrate's Report and Recommendation, which rejected BOP's use of sentencing factors to determine Griggs' eligibility and concluded, as a matter of law, that Griggs "is entitled to be considered for a §3621 sentence reduction . . . ." R. at 344. To implement this decision, the district court granted habeas relief "to the extent that the Bureau of Prisons is directed to consider . . . without reliance on sentencing factors, whether plaintiff should receive a sentence reduction under 18 U.S.C. §3621." R. at 364a. The BOP never appealed the district court's adoption of the Magistrate's Report and Recommendation nor the order granting habeas relief; therefore the report and order are final judgments with res judicata effect. Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1293 (5th Cir. 1992). We must now give full res judicata effect to this original final judgment. United States v. Davenport, 484 F.3d 321, 327 n.10 (5th Cir. 2007).

> "Res judicata is appropriate if (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits. . . . If these conditions are satisfied res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action."

Matter of Swate, 99 F.3d 1282, 1286 (5th Cir. 1996). The conditions for res judicata are fulfilled here. The parties are identical; the Oklahoma district court had competent jurisdiction over the original action; the prior action was concluded

to a final judgment (not appealed) on the merits; and the same cause of action is asserted in both habeas petitions, i.e., whether determining Griggs' eligibility using sentencing factors is appropriate.[5]   Res judicata applies to any BOP argument that use of sentencing factors is now appropriate in considering whether to grant Griggs a sentence reduction.[6]

---

[5]   We read the Magistrate's Report and Recommendation adopted by the district court as concluding that the use of sentencing factors in determining Griggs' eligibility is not appropriate. "The effect of a decree, as an adjudication conclusive on the parties, is not determined by isolated passages in opinion, but by examination of issues made and intended to be submitted and decided."  State of Okla. v. State of Texas, 272 U.S. 21, 42-43 (1926).

[6]   The Government cites to Patrasso v. Nelson, 121 F.3d 297, 301 (7th Cir. 1997) to argue that res judicata categorically does not apply to federal habeas petitions.   The Government misconstrues Patrasso  because it is clear that Patrasso is discussing the res judicata effect of a state post-conviction judgment on a federal habeas petition.  Id; Carter v. Estelle, 677 F.2d 427, 442 n.10 (5th Cir. 1982).  Here, we are discussing the res judicata effect of a federal court decision on the same claim in a subsequent federal habeas action urging the court to enforce the previous decision.
      The Government is partially correct in that the res judicata doctrine applies differently in the habeas context; however, any differences are not applicable in this case. "Modified" res judicata applies in the habeas context.  United States v. Orozco-Ramirez, 211 F.3d 862, 867-68 (5th Cir. 2000); see also Schlup v. Delo, 513 U.S. 298, 319 (1995) (calling it a "qualified application of the doctrine of res judicata.")  In this "modified" form, res judicata does not fully apply in the habeas context when a previous court decision denies habeas relief.  McCleskey v. Zant, 499 U.S. 467, 480-81 (1991); Sanders v. United States, 373 U.S. 1, 7 (1963) ("At common law, the denial by a court or judge of an application for habeas corpus was not res judicata.").
      On the other hand, a judgment granting a petitioner habeas relief is res judicata on the issues of law and fact necessarily involved in the result.  Collins v. Loisel, 262 U.S. 426, 430 (1923);  Anselmo v. Hardin, 253 F.2d 165, 169 (3d Cir. 1958); Harris v. Biszkowicz, 100 F.2d 854, 856 (8th Cir. 1939); see also Younan v. Caruso, 59 Cal. Rptr. 2d 103, 109 (Cal. Ct. App. 1996) ("While a final judgment granting habeas corpus relief is res judicata. . . . an order denying the writ is not.") (internal citations omitted).  An order granting habeas corpus, unlike a denial of habeas relief, is a "final judgment" and is res judicata on issues in subsequent habeas petitions, since the petitioner is now enforcing a final court order.  Compare Patterson v. Haskins,  470 F.3d 645, 661 (6th Cir. 2006); In Re Moody, 817 F.2d 365, 368 (5th Cir. 1987) ("That further proceedings were necessary to enforce the judgment . . . . does not mitigate the effect of the order. A judgment becomes final despite the fact that it has not been executed. The finality of a decree is not impaired because some future order of the court may become necessary to carry it into effect."), with Potts v. Zant, 638 F.2d 727, 738 (5th Cir. 1981) ("The doctrine of abuse of the writ has developed as a result of the familiar rule of law that a denial of an application for habeas corpus is not res judicata with respect to subsequent applications.").  The case-law permits the application of res judicata to successful habeas petitions as part and parcel of the power of this court to enforce a final judgment in subsequent

9

Since the BOP later rescinded Griggs' eligibility based on sentencing factors by citing to Lopez and Venegas, which are cases that upheld the BOP's use of sentencing factors in eligibility decisions, the BOP has failed to comply with the binding effect of the previous judgment barring the use of sentencing factors. We must now issue a remedy necessary to protect Griggs' judgment in the original district court decision. "Prevailing parties are entitled to the protection and fruits of the judgments which become final." Cliett v. Hammonds, 305 F.2d 565, 572 (5th Cir. 1962).

The intervening transfer of the case from the Tenth Circuit to the Fifth Circuit does not affect the res judicata effect of the final Oklahoma court judgment. See In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1177 (D.C. Cir. 1987) (Ginsburg, D.H., J., concurring) ("[T]here are some circumstances in which a federal court is bound to apply the decisions of another circuit, but they are the rare instances where a preclusion doctrine so requires. The doctrines of res judicata, collateral estoppel, and law of the case come to mind."); Skil Corp. v. Millers Falls Co., 541 F.2d 554, 558 (6th Cir. 1976) (applying res judicata effect to decision from the Seventh Circuit). Morever, even if the original basis for the Oklahoma district court decision was erroneous based on changing intervening law, courts respect the finality of a previous judgment and accord the judgment full res judicata effect. Fed. Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.");

---

proceedings, whereas unsuccessful habeas petitions are subject to the "abuse of the writ" doctrine empowering federal courts to control the potentially endless successive petitions attacking the conviction after an initial denial of habeas relief. Cf. In re Cain, 137 F.3d 234, 235-36 & n.1 (5th Cir. 1998) (describing the federal court's "gate-keeping" function under AEDPA and the "abuse of writ" doctrine).

RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1296 (5th Cir. 1995) ("It is well settled, however, that even arguably erroneous judgments have preclusive effect if the requirements for collateral estoppel are satisfied.") (citing numerous Circuit cases for this proposition); Matter of Teal, 16 F.3d 619, 622 (5th Cir. 1994) ("This conclusion comports with the well-known rule that a federal court may not abrogate principles of res judicata out of equitable concerns . . . . Indeed, it must give res judicata effect to a prior judgment even if it would be voidable on appeal because of legal error."); In re Atlas Sewing Centers, Inc., 437 F.2d 607, 614 (5th Cir. 1971) ("[Res judicata] does not allow parties to await the event and then to determine that a judgment acquiesced in earlier ought to have been challenged."). Therefore, even if the BOP may now challenge the basis for the district court decision as arguably wrong under Fifth Circuit case-law or subsequent Supreme Court decisions, the finality and binding effect of the decision is unaffected.

The res judicata analysis also renders irrelevant the Government's use of the Operations Memorandum as a basis to bar Griggs from maintaining his eligibility upon transfer outside of the Tenth Circuit.[7] The Operations

---

[7] Moreover, the BOP concedes the agency decision to rescind Griggs' eligibility was based solely (and erroneously) on Lopez. Reference to other reasons for the decision to rescind Griggs' eligibility, including the Operations Memorandum, offered for the first time on appeal is a "post hoc rationalization" advanced by an agency seeking to defend past agency decision against attack. See Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168-69 (1962) ("The courts may not accept appellate counsel's post hoc rationalizations for agency action; [SEC. v. Chenery Corp., 332 U.S. 194, 196 (1947)] requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself."). In Chenery, the Court concluded that:

> [A] simple but fundamental rule of administrative law . . . is . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action . . . .

Id. We can also reject the Operations Memorandum argument and other post-hoc rationalizations on this ground.

Memorandum is irrelevant to his appeal, because res judicata preserves his eligibility after transfer. The Operations Memorandum offers Griggs a regulatory route to "maintain" his eligibility, but Griggs does not need this regulatory mechanism to maintain his eligibility. Res judicata provides an alternative and sufficient mechanism that maintains his eligibility without the consideration of sentencing factors.

The Government's cited reasons for rescinding Griggs' eligibility are all based on Griggs' sentencing factors, which is a violation of the previous final court order from the Oklahoma district court. Therefore, we now GRANT Griggs habeas relief and REVERSE the Texas district court judgment and REMAND this case to the Texas district court for it to enforce the previous final court order and ensure the BOP determines "whether Plaintiff should receive a sentence reduction under 18 U.S.C. § 3621 for his successful completion of the drug treatment program without reliance upon sentencing factors" consistent with this opinion and within a reasonable time period.