# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2011

No. 10-40630
Summary Calendar

Lyle W. Cayce
Clerk

STANLEY JULES JOHNSON,

Petitioner - Appellant

v.

UNITED STATES PAROLE COMMISSION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-571

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Stanley Jules Johnson, federal prisoner # 98687-131, appeals the district court's denial of his 28 U.S.C. § 2241 petition, filed in 2007, challenging the United States Parole Commission's (USPC) parole denial in 2007. The district court's findings of fact are reviewed for clear error; matters of law, *de novo. Venegas v. Henman*, 126 F.3d 760, 761 (5th Cir. 1997). Because the USPC has "absolute discretion" in parole determinations, however, its conclusions are reviewed "with extreme deference, reviewing them only to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether there is some evidence in the record to support [its] decision". *Simpson v. Ortiz*, 995 F.2d 606, 608 (5th Cir. 1993) (internal citation and quotation marks omitted).

Johnson contends:  because he had served 30 years of his original 99-year sentence, imposed in 1976, his release on parole was mandatory, pursuant to former 18 U.S.C. § 4206(d).  Although that statute provides that a prisoner who has served the required portion of his sentence "shall" be released on parole, it also states that a prisoner "shall not" be released if the USPC determines he "has seriously or frequently violated institution rules and regulations".  18 U.S.C. § 4206(d).  Following Johnson's 2007 mandatory parole hearing, the USPC denied parole, stating he had "frequently and seriously violated the rules of the institution in which [he was] confined".  (Johnson incurred 16 disciplinary infractions between 1981 and 1998 for, *inter alia*, possession of narcotics, possession of a weapon, engaging in sexual acts, refusing orders, and fighting.)  Therefore, to the extent Johnson contends parole was mandatory, his contention fails.

Johnson also contends the district court failed to address whether the parole denial was based on the sentencing court's recommendation that he never receive parole.  There is nothing in the record indicating the USPC relied on that recommendation; however, the USPC may do so pursuant to 18 U.S.C. § 4207(4).

Johnson further contends the USPC erred by denying parole based on his older disciplinary infractions, instead of considering his claimed more recent record of good behavior.  As noted, a prisoner's frequent or serious violations of institutional rules is one of the listed bases for denying parole.  *See* § 4206(d). Johnson has cited no authority to support the USPC's not being allowed to rely on past infractions.  In addition, to the extent Johnson's contention may be construed as a request for our court to reevaluate the USPC's decision to deny parole, we decline to do so.  *See Simpson*, 995 F.2d at 608.

No. 10-40630

In his statement of issues, Johnson asserts that an allegedly pending state detainer is "legally questionable" and that the district court erred by adopting the magistrate judge's report without making independent findings and conclusions. Because Johnson has provided no additional briefing in support of these assertions, we do not consider them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (contentions not presented in body of *pro se* litigant's brief deemed abandoned).

AFFIRMED.