NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0196n.06

No. 12-1773

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DAMIEN LAMAR TAYLOR, aka Damien Taylor, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JAMES M. GRAVES, Circuit Judge; JOHN | ) | STATES DISTRICT COURT FOR |
| PRELESNIK, Warden; K. A. KRICK, Assistant | ) | THE WESTERN DISTRICT OF |
| Resident Unit Supervisor; J. PAYNE, Resident | ) | MICHIGAN |
| Unit Manager, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**FILED**
**Feb 21, 2013**
DEBORAH S. HUNT, Clerk

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.*

PER CURIAM.  Damien Lamar Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action, filed pursuant to 42 U.S.C. § 1983.  Upon examination, we unanimously agree that oral argument is not needed.  Fed. R. App. P. 34(a).

Taylor was convicted of first-degree murder and other offenses after he and others attacked and attempted to rob a crack house.  *People v. Taylor*, No. 210567, 2000 WL 33409145, at *1–2 (Mich. Ct. App. Aug. 11, 2000).  The trial court sentenced Taylor to concurrent terms of life without parole for the first-degree murder conviction and lesser sentences for the other convictions.  *Id.* at *1.  The Michigan Court of Appeals affirmed the convictions, *id.*, and the Michigan Supreme Court denied Taylor leave to appeal.

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Taylor filed his § 1983 complaint alleging that his Parole Eligibility/Lifer Review Report ("Report") incorrectly described his murder conviction and a certain conspiracy conviction. He claimed that the errors violated his due process right to have accurate information in his record and sought a jury trial, a parole board interview, correction of the Report, monetary damages, and costs. The district court dismissed the complaint as meritless pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c).

On appeal, Taylor argues that: (1) he was convicted of aiding and abetting murder, and Michigan law does not exclude that crime from parole eligibility; and (2) his due process rights were violated when incorrect offense information was included in the Report.

The district court's decision is reviewed de novo. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008).

Taylor argues that he was convicted of first-degree murder only on an aiding-and-abetting theory and that this information should have been included in the Report. "A prisoner has a limited right to have erroneous information expunged from his prison file." *Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001). To establish such a claim, the prisoner must show that the information at issue is: (1) in his prison file; (2) false; and (3) "relied on to a constitutionally significant degree." *Id.* To establish the underlying due process right pursuant to the "constitutionally significant" portion of that test, Taylor must show that he has a protected interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). A liberty interest in parole eligibility derives only from state law. *See, e.g.*, *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011); *Inmates of Orient Corr. Inst.*, 929 F.2d at 235.

Taylor has not met these standards. The record establishes that Taylor was granted a parole interview. Further, he has not shown that the information in the Report as to his murder conviction was false. He also has not established that the alleged error as to the conspiracy conviction violated his due process rights. His claim that he should otherwise have been deemed eligible for parole also fails because Michigan's parole system is discretionary and he lacks a constitutionally protected right to parole under that system. *See, e.g.*, *Foster v. Booker*, 595 F.3d 353, 362, 368 (6th Cir. 2010).

To the extent that Taylor challenges his sentence and conviction directly, those claims are foreclosed in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003). Finally, Taylor has not raised on appeal his claim that he was denied a copy of the Report. Therefore, this argument is forfeited. *See, e.g.*, *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

The district court's judgment is affirmed. Fed. R. App. P. 34(a)(2)(C).