# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50931
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2018

Lyle W. Cayce
Clerk

RICHARD L. PLUMMER,

     Petitioner - Appellant

v.

J. SCOTT WILLIS, Warden, Federal Correctional Institution, La Tuna,

     Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CV-289

Before ELROD, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

     Richard L. Plummer, now federal prisoner # 00648-000, was given a Navy general court martial in 1985 and was convicted of murder and other charges. He was sentenced to life in prison. The United States Parole Commission (Commission) ordered that Plummer was to be scheduled for a mandatory parole hearing in 2015. Following the hearing, the Commission

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50931

denied mandatory parole and ordered Plummer to continue to expiration. The Commission found that there was a reasonable probability that Plummer would commit another crime if released. The finding was based on Plummer's combative and angry attitude and his lack of respect for the parole process during the parole hearing. The Commission concluded that Plummer was not likely to comply with the conditions of parole and was likely to engage in criminal behavior. Plummer filed the instant 28 U.S.C. § 2241 petition arguing that there was no credible evidence that he was likely to commit another crime. The district court granted the respondent's motion to dismiss the § 2241 petition.

In considering a federal habeas corpus petition, we review the district court's findings of fact for clear error and review any issues of law de novo. *Vengas v. Henman*, 126 F.3d 760, 761 (5th Cir. 1997). "[T]he Parole Commission has absolute discretion concerning matters of parole and may use all relevant, available information in making parole determinations." *Simpson v. Ortiz*, 995 F.2d 606, 608 (5th Cir. 1993) (internal quotation marks and citation omitted). Contrary to Plummer's unsupported assertions, the report of the hearing examiner is relevant evidence of his conduct at the parole hearing. Because there is some evidence in the record to support the Commission's decision, the district court did not err in dismissing Plummer's § 2241 petition. *See id.* The judgment of the district court is AFFIRMED. *See Vengas*, 126 F.3d at 761.