United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-11457

---

LEON JOHNSON,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Correctional Institutions Division

Respondent-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas

---

(USDC No. 3:03-CV-139)

---

Before HIGGINBOTHAM, SMITH, and DeMOSS Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Leon Johnson, Texas inmate # 885020, appeals the district court's denial of his 28 U.S.C. § 2254 petition, which challenged his convictions and sentences for delivery of one gram or more but less than four grams of cocaine, delivery of less than one gram of cocaine, and possession of one gram or more but less than four grams of cocaine. Johnson was sentenced to concurrent terms of 25, 20, and 25 years of imprisonment respectively.

Johnson was granted a certificate of appealability by this court on the issue of whether he had "exhausted the claim that his trial counsel was ineffective for failing to challenge the arrest and search warrants because his name had been illegally added." In availing himself of this appeal, however, Johnson mistakenly focuses on merits of his ineffective-assistance claim, not on the exhaustion question for which the COA was granted. Hence the government urges waiver.

We disagree. Briefs by pro se litigants are afforded liberal construction,[1] though even pro se litigants must brief arguments to preserve them.[2] Johnson's brief is plainly confused, but it does enough, when liberally construed, to bring the exhaustion question before this court. For example, Johnson's "Statement of Facts" argues that, on direct review, he raised before the Fifth District Court of Appeals (Dallas) the question of whether "(1) The search warrant use by the police was invalid; (2) He received ineffective assistance of counsel." And later in the same section, Johnson argues that he raised these same two issues in his petition for discretionary review to Texas Court of Criminal Appeals. Finally, in the "Argument" section, Johnson details how these issues were raised before the trial court, "The appellant wrote a letter to the trial judge . . . explaining the existing conflict of interest

[1]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2]*Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

2

trial counsel had with appellant . . . appellant explained to the court how he asked trial counsel to secure an examining trial for the purpose of determining the legality of the arresting officer writing the appellant's name into the affidavit for arrest and search warrant."

We will therefore reach the merits of the exhaustion question. In doing so, we conclude that Johnson, on direct appeal, did exhaust the claim that his lawyer was ineffective for failing to challenge the warrant's validity on the grounds that the police officers added his name. The state records indicate that instead of filing a direct appeal, Johnson's counsel filed an *Anders* brief requesting permission to withdraw. Johnson responded to counsel's brief and asserted that the search and arrest warrants were invalid and that trial counsel was ineffective for not challenging the arrest warrant when it was determined that a police officer altered the warrant by adding Johnson's name. Later, in Johnson's petition for discretionary review, Johnson asserted that the search and arrest warrants were invalid. Within this line of argument, Johnson discussed the law of ineffective assistance of counsel and asserts that a police officer may not alter a warrant in an attempt to particularize it.

Johnson's ineffective-assistance claim was fairly presented to the Texas Court of Criminal Appeals, giving it an opportunity to address the alleged deprivation of Johnson's federal constitutional

rights.[3]  The judgment of the district court is REVERSED.  The case is REMANDED for an examination of the merits of Johnson's ineffective-assistance claim.

---

[3]*Castille v. Peoples*, 489 U.S. 346, 349 (1989).