# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-50837
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT J. SYKES,

Plaintiff - Appellant

v.

PUBLIC STORAGE INC,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-796

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Robert Sykes brought this lawsuit against Defendant–Appellee Public Storage, Inc., alleging liability for conversion of property, breach of contract, and violations of the Texas Deceptive Trade Practices Act. Sykes appeals the magistrate judge's dismissal of his conversion and Texas Deceptive Practices Act claims and the jury verdict rejecting his breach of contract claim. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50837

## I.  FACTUAL & PROCEDURAL BACKGROUND

Robert Sykes rented two storage units from Shurgard Storage, which was subsequently purchased by Public Storage, Inc.  He rented the first, Unit 3029, beginning on January 20, 2005, and the second, Unit 3028, beginning on March 20, 2005.  Sykes subsequently fell behind on his rent for both units and agreed to allow Public Storage to sell the contents of Unit 3029.  Eventually, the contents of both units were sold.

On October 27, 2008 Sykes commenced this diversity action against Public Storage in the District Court for the Western District of Texas alleging three causes of action in connection with Public Storage's sale of his property in both Unit 3029 and Unit 3028:  (1) Public Storage breached its contract with Sykes when it sold the contents of both storage units (the "contract claim"); (2) this breach of contract also violated the Texas Deceptive Trade Practices Act (the "DTPA claim"); and (3) the general manager of the storage facility committed the tort of conversion when he took the proceeds of the sold property (the "conversion claim").

Sykes's claims proceeded to a jury trial before a magistrate judge with Sykes representing himself.  After Sykes presented his case-in-chief, Public Storage filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on all of Sykes's claims.  The magistrate judge granted Public Storage's motion with respect to Sykes's conversion claim and DTPA claim, concluding that both claims were barred by the two-year statute of limitations.  At the close of Public Storage's defense, Sykes filed a Rule 50(a) motion requesting a directed verdict on Public Storage's liability for breach of contract.  The magistrate judge denied Sykes's motion and submitted Sykes's contract claim to the jury.  The jury returned a verdict in favor of Public Storage, and the magistrate judge entered final judgment in favor of Public Storage. Sykes timely appealed.

2

No. 10-50837

## II.  DISCUSSION

Sykes appeals the magistrate judge's grant of Public Storage's Rule 50(a) motion on his DTPA and conversion claims, as well as the jury verdict in favor of Public Storage on his contract claim.  In this diversity action, we apply Texas substantive law and federal procedural law.  *See Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 786 (5th Cir. 2010).  We review a court's ruling on a Rule 50(a) motion for judgment as a matter of law *de novo*, considering the evidence in the light most favorable to the non-movant.  *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 622 (5th Cir. 2008).  Such a motion may be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  FED. R. CIV. P. 50(a).

### A.    DTPA Claim and Conversion Claim

The basis for Sykes's DPTA and conversion claims were as follows:  Sykes gave Public Storage permission to sell the property in Unit 3029 in lieu of continuing to pay rent on that unit.  Instead of selling the property in Unit 3029, however, Public Storage sold the more valuable contents of Unit 3028 and pocketed the proceeds.[1]  Given these claims, the magistrate judge concluded that Public Storage was entitled to judgment as a matter of law on the DPTA claim and the conversion claim because Sykes, "through the exercise of reasonable diligence, should have discovered the facts giving rise to those claims more than two years prior to the date [Sykes] filed this case."  Thus, the claims were barred by the statute of limitations.

There is no dispute that Sykes's DPTA and conversion claims each has a two-year statute of limitations.  *See* TEX. BUS. & COM. CODE § 17.565 (DPTA

---

[1] We note that the magistrate judge explicitly clarified Sykes's claims with him before ruling on Public Storage's Rule 50(a) motion.  Trial Tr. vol 1, 195:3–197:20,  June 21, 2010, ECF No. 58.

3

claim); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (conversion of personal property).  At Sykes's request, the magistrate judge applied the discovery rule to Sykes's claims.  Under this rule, a claim accrues "when the plaintiff knew, or by exercising reasonable diligence, should have known of facts giving rise to a cause of action."  *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006).  Texas courts apply the discovery rule in cases where the injury is "inherently undiscoverable" and "objectively verifiable."  *Id.*; *see also KPMG Peat Marwick v. Harrison Cnty. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999). (stating that discovery rule applies to DPTA claims).  Accordingly, if the evidence at trial permitted a reasonable jury to find that Sykes neither knew nor should have known about the challenged conduct prior to October 27, 2006, which is two years prior to his filing of the instant lawsuit, then the statute of limitations would not bar his DPTA and conversion claims.

Reading Sykes's *pro se* pleadings broadly, *see Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007), he claims that the district court erred in its application of the discovery rule to his DTPA and conversion claims because none of the property he stored in either unit was sold until October 2006, and he did not learn about the sale until November 2006.  Thus, according to Sykes, his complaint was timely filed on October 27, 2008, less than two years later.  However, the documentary evidence present at trial unequivocally confirms that Unit 3029 was sold on December 21, 2005.  Sykes was sent a notice of accounting for the sale of Unit 3029's contents, post-marked December 21, 2005.  Moreover, the activity ledger for Unit 3028, which Sykes introduced into evidence in his case-in-chief, stated that Unit 3029 was sold on December 21, 2005, and recorded that Sykes's complained about the sale of the contents of Unit 3029 in September of 2006.  This evidence shows that the contents of Unit 3029, rather than the contents of Unit 3028, were sold in December 2005.

No. 10-50837

Furthermore, what emerges from Sykes's trial testimony is the almost unavoidable conclusion that he knew about the allegedly erroneous sale well before October 2006. Sykes testified that he was behind in his rent for both of his units soon after renting them in 2005. Sykes testified that, because he fell behind in his rent, he agreed to let the rent on Unit 3029 lapse in October 2005, he agreed that the contents of that unit would be sold, and he would thereafter make payments on Unit 3028 only. Sykes also testified that he visited the storage facility several times in 2006 to make payments and inspect his property. Although Sykes later stated that he was sure that both his units were intact in 2006 and the sale of Unit 3029 occurred in 2006, he conceded that he only stored property in—and was only making payments on— Unit 3028 in 2006. Thus, no reasonable jury could have concluded that Sykes did not know, or should not have known, that the wrong goods had been sold before October 2006. Therefore, Sykes's DTPA and conversion claims accrued before October 27, 2006, his claim filed on October 27, 2008 was not timely, and the applicable statute of limitations barred the jury from returning a verdict in Sykes's favor.[2]

## B.   Breach of Contract Claim

Sykes next challenges the jury verdict that Public Storage was not liable for breach of contract. Sykes properly filed a Rule 50(a) motion before the case was submitted to the jury, but he failed to preserve his challenge to the sufficiency of the evidence supporting the jury verdict on his contract claim by making a post-verdict Rule 50(b) motion for judgment as a matter of law or a

---

[2] Sykes also argues that he was entitled to a hearing and a jury instruction regarding spoliation, alleging that Public Storage tampered with the lease documents for units 3028 and 3029. Sykes made no such requests before the district court, and we therefore do not address these arguments. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("As a general rule, this Court does not review issues raised for the first time on appeal.").

motion for a new trial.[3]  *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 456 (5th Cir. 2009).   Therefore, this court reviews the jury verdict only for plain error.[4] "Under this standard, the question is . . . whether there was *any* evidence to support the verdict."   *Id.* (citation and internal quotation marks omitted) (emphasis in original).

Based on the evidence presented at trial, the jury verdict survives plain error review.  The jury instructions, which Sykes does not challenge, required Sykes to prove all of the following by a preponderance of the evidence:  (1) "Public Storage and Mr. Sykes entered into an agreement"; (2) "Mr. Sykes did all, or substantially all of the significant things that the agreement required him to do or that he was excused from doing those things"; (3) "Public Storage failed to do something that the agreement required"; and (4) "Mr. Sykes was harmed by that failure."

Sykes's argument on appeal is that Public Storage should have been found liable for breach of contract for selling the contents of both units because it failed to send a notice of the sale of either unit to his "last known address," as the storage contract required.  Sykes argues that Public Storage knew he had changed his address because he verbally notified the facility manager of two address changes, and those changes were entered into the ledger for Unit 3028. However, the evidence before the jury amply demonstrated that Sykes failed to prove the second prong of his contract claim by a preponderance of the evidence.

---

[3] After the jury verdict, the magistrate judge asked if either party would like to raise any issues.  Sykes stated that he "had nothing to say" about the jury verdict but that he wanted "to appeal the decision."  Even read broadly, this statement did not renew his previous Rule 50(a) motion.  Although Sykes subsequently filed a motion for a new trial, he challenged only the magistrate judge's grant of Public Storage's Rule 50(a) motion with respect to the statute of limitations defense, and he did not mention the jury verdict on his contract claim.

[4] Public Storage stated that the standard of review on this issue is for sufficiency of the evidence, but we, rather than the parties, determine the appropriate standard of review.  *See United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc).

No. 10-50837

First, as Public Storage argued before the jury, Sykes did not comply with the timely payment provisions of his storage contract for either unit for several months before they were sold.  Second, and crucially for his allegations of improper notice, Sykes admitted that he failed to update his address with the storage facility in writing, as his two-page storage contract conspicuously required in all capital letters.  The jury heard testimony that written, rather than oral, notification of an address change was essential to ensure that the internal computer system, which generated sale notices, properly updated the tenant's address.  Thus, there was ample evidence from which the jury could conclude that Sykes's oral address change did not excuse him from updating his address in writing, and the jury verdict was not plainly erroneous.

### III.  CONCLUSION

For the foregoing reasons we AFFIRM the final judgment of the district court.  We also DISMISS Public Storage's motion to strike portions of Sykes's briefs as moot.