# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2013

Lyle W. Cayce
Clerk

No. 11-60755
Summary Calendar

WILLIE B. SOUTHERN,

Plaintiff-Appellant

v.

ATLANTIC INDUSTRIAL SERVICES, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08–CV–782

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Willie B. Southern was employed as a truck driver by Appellee Atlantic Industrial Services, Inc. ("Atlantic") from 2006–2008. His duties at Atlantic consisted of driving a truck to and from various states to pick up roll-off boxes and return them to Atlantic's facility in Jackson, Mississippi. On January 2, 2008, Southern was driving en route to Shreveport, Louisiana when the transmission fluid in his truck leaked out and the transmission burned up. Two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60755

weeks later, on January 15, Southern accidentally left the boom on his truck extended while driving, and, as a result, pulled down three power lines, broke an electrical pole, and caused a transformer to explode. The two incidents combined resulted in nearly $50,000 in damages to Atlantic's and the electric company's property. Atlantic terminated Southern after determining that his continued employment would be detrimental to his own and the public's safety, as well as a risk to Atlantic's equipment and property.

On December 29, 2008, Southern filed his original complaint alleging that Atlantic discharged him on account of his race. After a week-long jury trial where both parties presented witnesses and evidence, the jury returned a verdict in favor of Atlantic. The district court entered final judgment in accordance with the jury verdict, and Southern timely appealed.

There are two primary issues on appeal: (1) whether there is any evidence to support the jury's finding that Atlantic did not discriminate against Southern on the basis of his race; and (2) whether the magistrate judge abused her discretion in conducting discovery.[1] Neither of these arguments supports a reversal of the judgment below, and as a result, we affirm.

## I. Sufficiency of the Evidence

Southern's first claim essentially challenges the sufficiency of the evidence supporting the jury verdict. In his brief, Southern erroneously adopts the standard of review that this court uses to evaluate a grant or denial of summary judgment. He also asks this court to apply the framework set forth in *McDonnell*

---

[1] In response to Southern's contentions, Atlantic argues that this appeal should be dismissed because Southern failed to identify any issues on appeal or argue that the district court committed reversible error in violation of Federal Rule of Appellate Procedure 28(a)(5). However, Southern is proceeding *pro se* on appeal and his brief must be "afforded liberal construction." *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007). We thus treat Southern's brief as advancing a challenge to the sufficiency of the evidence and proceed to the merits of his appeal. *See, e.g., Dilworth v. Cont'l Constr. Co., Inc.*, 282 F. App'x 330, 333 (5th Cir. 2008).

No. 11-60755

*Douglas* to evaluate his discrimination claim against Atlantic. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (adopting a burden-shifting approach to evaluate discriminatory-treatment claims). However, as this case comes to us after a full trial on the merits, our review should be focused "on whether the record contains sufficient evidence to support the jury's finding of no race or sex discrimination – not on [Southern's] *prima facie* case or the *McDonnell Douglas* framework." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 993 (5th Cir. 2008).

In addition, since Southern failed to raise this challenge at trial through a Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law, we review the judgment below for plain error. *See, e.g., Shepherd v. Dallas Cnty.*, 591 F.3d 445, 456 (5th Cir. 2009). On plain error, reversal is only proper "if the judgment complained of results in a 'manifest miscarriage of justice.'" *Stover*, 549 F.3d at 995 (citation omitted). In other words, "the question before this court is not whether there was substantial evidence to support the jury verdict, but whether there was *any* evidence to support the jury verdict." *Shepherd*, 591 F.3d at 456 (quoting *Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996)). "If *any* evidence supports the jury verdict, the verdict will be upheld." *Stover*, 549 F.3d at 995 (quoting *United States ex rel. Wallace v. Flintco, Inc.,* 143 F.3d 955, 964 (5th Cir. 1998)).

The record reveals that there was sufficient evidence to support the jury's verdict. At trial, the jury saw Atlantic's Employee Disciplinary Reports that had been completed after each of Southern's accidents, and heard the testimony of Atlantic's plant manager and Chief Executive Officer regarding those accidents. Both the plant manager and the CEO testified that Southern's lack of attention while driving and disregard for safety raised serious questions about Southern's competence that justified his termination. The plant manager also testified that Southern's termination resulted from "him tearing down the power lines," which

demonstrated a "lack of concern for his self [*sic*] and people around him." This evidence, when considered as a whole, was sufficient for the jury to conclude that Atlantic terminated Southern for his poor performance on the job, not because of his race.

## II. Discovery

The second issue on appeal is whether the magistrate judge abused her discretion by failing to provide Southern with the discovery relief he requested – the production of reports and logs that allegedly supported his complaint that fumes from the truck he was driving caused him to get into the second accident. At the end of discovery, Atlantic told Southern and the court that it was unable to locate these documents since the company's record retention policy called for the destruction of log sheets and maintenance records after six months, and Southern did not file suit until nearly a year after his termination. Furthermore, shortly after Southern's termination, Atlantic was sold to another company called Safety-Kleen, and the only records that were transferred during the sale were those that were required to be preserved by law.

Once Southern had been notified that Atlantic could not find the documents, he did not move to compel discovery, but instead requested that the magistrate judge extend discovery to depose Atlantic's former plant manager and its Chief Executive Officer. Absent a motion to compel from Southern, the magistrate judge did not abuse her discretion in proceeding to trial without these documents. This court "review[s] alleged discovery errors for abuse of discretion and will order a new trial only where a defendant demonstrates prejudice to his substantial rights." *United States v. Doucette*, 979 F.2d 1042, 1044–45 (5th Cir. 1992). Since Southern never filed a motion to compel the production of Atlantic's records and the magistrate judge provided Southern with an alternative means to seek the information he desired regarding the

No. 11-60755

truck's fumes by extending discovery to allow for additional depositions, Southern failed to show prejudice to his substantial rights.

## *III. Conclusion*

There is no indication that the evidence supporting the verdict against Southern was insufficient or that the magistrate judge abused her discretion during discovery. We therefore AFFIRM the judgment below.