## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

No. 17-10628

SAMSON M. LOYNACHAN,

　　　　Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

　　　　Respondent – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-708

Before JONES, HO, and OLDHAM, Circuit Judges.

EDITH H. JONES, Circuit Judge:*

This court granted a COA in this § 2254 habeas petition "as to the questions of whether Loynachan has 'fairly presented' any claims to the state court to meet the exhaustion requirement, *see Picard v. Connor*, 404 U.S. 270, 275 (1971), and, if so, whether dismissal of the entire habeas application unreasonably impaired Loynachan's right to obtain federal relief, *see Rhines v. Weber*, 544 U.S. 269, 278 (2005)." Order, *Loynachan v. Davis*, No. 17-10628 at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10628

*2 (5th Cir. Jan. 26, 2018). We now hold that Loynachan's pro se response to his lawyer's *Anders* brief did not fairly present his ineffective-assistance claims to the state court, and his claims were not exhausted. Accordingly, we do not reach the second issue. We thus **AFFIRM** the district court's judgment because Loynachan failed to fairly present any claims on direct appeal.

## I.

A jury found Petitioner-Appellant Samson M. Loynachan guilty of murder and assessed a life sentence. *Loynachan v. State*, No. 13-12-461-CR, 2013 WL 6730137, at *1 (Tex. App. –Corpus Christi Dec. 19, 2013, pet. ref'd) (mem. Op.). On direct appeal, Loynachan's counsel filed an *Anders* brief and motion to withdraw after determining that there were no reversible errors that could be supported by the record. *Loynachan*, 2013 WL 6730137, at *1. Loynachan filed an eighty-two-page pro se response that raised, inter alia, three claims of ineffective assistance of trial counsel: 1) requesting that the serious bodily injury instructions be included in the jury charge; 2) failing to object to the erroneous felony murder charge; and 3) failing to request lesser-included homicide offense instructions. The intermediate appellate court affirmed the trial court's judgment and granted counsel's motion to withdraw. *Loynachan*, 2013 WL 6730137, at *1. The court noted Loynachan's ineffective assistance claims could still be raised in an application for writ of habeas corpus—a forum better suited for such claims because it allows for development of the factual record. *Id.* at *2 n.3.

Loynachan filed a pro se petition for discretionary review (PDR) in the Texas Court of Criminal Appeals (TCCA), again raising the three claims of ineffective assistance of trial counsel, which the TCCA refused on June 11, 2014. Loynachan did not seek a writ of certiorari from the United States Supreme Court and did not pursue postconviction habeas relief in state court.

No. 17-10628

Loynachan instead filed this pro se federal habeas petition asserting ten grounds for relief.  He again alleged the three ineffective assistance of trial counsel claims, along with due process violations and other errors by the state court.  Loynachan additionally filed a motion to stay and abate his habeas proceedings, claiming he filed his habeas application as a protective measure to preserve its timeliness under the one-year limitations period, but he sought to stay those proceedings so that he could "perfect" the filing of his state habeas writ.  The district court denied his motion to stay and abate, found that Loynachan's federal petition was a mixed petition that contained both exhausted and unexhausted claims, and dismissed the petition without prejudice for failing to exhaust state court remedies.  In denying the motion to stay and abate, the district court found that Loynachan had failed to demonstrate good cause for his failure to exhaust his unexhausted claims.  The court characterized Loynachan's actions as "filing frivolous and dilatory litigation in the state courts regarding his inability to pay for and obtain a copy of the state court records" that he claimed he wanted to prepare his state habeas application.

Loynachan timely appealed, and this court denied his request for a COA in part and granted it in part.  The court rejected Loynachan's claim that the district court should have stayed his federal habeas proceedings and held his application in abeyance to give him an opportunity to exhaust his state remedies.  The court granted a COA as to whether Loynachan "fairly presented" his claims to the state court to meet the exhaustion requirement under *Picard*, 404 U.S. at 275, 92 S. Ct. at 512, and, if so, whether dismissal of the entire habeas application unreasonably impaired Loynachan's right to obtain federal relief under *Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535.

3

No. 17-10628

## II.

In a federal habeas appeal, the district court's findings of fact are reviewed for clear error while its conclusions of law are reviewed *de novo*. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).

## III.

The first question on which this court granted a COA is whether Loynachan exhausted his claims by fairly presenting them to the state court.[1] Where, as here, the claims are presented in a procedural context where the state court has not *necessarily* assessed the merits of the ineffective assistance claims, the petitioner has failed to exhaust his state remedies.

A federal court may not grant habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State."    28 U.S.C. § 2254(b)(1)(A).    To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court.  *Woodfox v. Cain*, 609 F.3d 774, 790 (5th Cir. 2010).  "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."  *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982) (internal citations omitted). "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Anderson*, 459 U.S. at 6, 103 S. Ct. at 277).  This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim. *See Picard*, 404 U.S. at 276, 92 S. Ct. at 512 (1971) ("Only if the state courts have had the

---

[1] The State expressly waived the exhaustion issue on appeal.  We generally hold the State to such waivers.  *See Carty v. Thaler*, 583 F.3d 244, 256 (5th Cir. 2009).  But this court can ignore the waiver in the interest of comity.  *See, e.g.*, *Earhart v. Johnson*, 132 F.3d 1062, 1065–66 (5th Cir. 1998).

No. 17-10628

first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.").

In order to exhaust a claim, the petitioner must present that claim to the highest court of the state, which in Texas is the TCCA. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A petitioner has two options for review in the TCCA: a petitioner must file either a petition for discretionary review following a direct appeal or an application for a post-conviction writ of habeas corpus. TEX. R. APP. PROC. 68.1; TEX. CODE OF CRIM. PROC. ART. 11.07. A petitioner need merely press a claim through one of these avenues to exhaust that claim. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."); *Bledsue v. Johnson*, 188 F.3d 250, 254 n.8 (5th Cir. 1999) ("[A]t no time have we suggested that pursuing relief in the Court of Criminal Appeals in both a petition for discretionary review and in an application for a writ of habeas corpus is necessary to satisfy the exhaustion requirement.").

To exhaust a claim, it must also be presented in a procedural context in which state courts *necessarily* review the claim on the merits. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989). Review of *Anders* briefs normally satisfies this requirement because "courts of appeals must decide whether the *Anders* appeal and subsequent pro se brief raise any meritorious 'arguable grounds' for review." *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)). Thus, in the *Anders* context, this court has held that claims presented in pro se pleadings and analyzed on the merits by both the intermediate appellate court and the TCCA are fairly presented and so exhausted. *Johnson v. Quarterman*, 479 F.3d 358, 360 (5th Cir. 2007); *see also Myers v. Collins*, 919 F.2d 1074, 1075–76 (5th Cir. 1990).

No. 17-10628

But this is not the case where the state court has not *necessarily* analyzed the ineffective assistance claims on the merits, indicating that this is because they are best pursued in federal habeas. In the case underlying *Johnson v. Quarterman*, the state court addressed the merits of the claims, *see Johnson v. State*, No. 05-99-01379-CR, 2001 WL 371918, at *1–3 (Tex. App.– Dallas Apr. 16, 2001, pet. ref'd), while here the court simply granted the *Anders* motion after reviewing the materials, *see Loynachan*, 2013 WL 6730137, at *2. The state court noted that federal habeas, rather than direct appeal, is a better forum for ineffective assistance claims because such claims often "require[e] the development of a record." *Id.* at *2, n.3. Thus, the court noted that it is not unusual that such claims "are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Id.* (citing *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011)).

The state court opinion thus indicates that the court did not *necessarily* analyze the claims on the merits, precisely because state court review of *Anders* briefs are not a context where the court necessarily reviews ineffective-assistance claim on the merits. The state court rightly recognized the difficulty in assessing ineffective-assistance claims on direct appeal, which is why "[u]nlike other claims rejected on direct appeal, claims of ineffective assistance of counsel rejected due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus." *Lopez*, 343 S.W.3d at 143. Because of the unique interaction between ineffective-assistance claims on direct review, and *Anders* briefs, the state court did not necessarily address the claims on the merits. Thus, the presentation of the claims in that procedural context did not constitute a fair presentation.

It is true that a petitioner may exhaust his claims even where the "state appellate court chooses to ignore in its opinion a fairly presented federal

6

No. 17-10628

constitutional claim squarely raised in petitioner's brief in the state court."
*Castille*, 489 U.S. at 351, 109 S. Ct. at 1060 (citing *Smith v. Digmon*, 434 U.S.
332, 333, 98 S. Ct. 597, 599 (1978) (per curiam)).  But a pro se response to an
*Anders* brief is not the same thing as square presentation in a petitioner's brief.
In the scenario envisioned by *Castille*, the claim has been fairly presented, even
if ignored, and so it would be "fair to assume that further state proceedings
would be useless." *Id.*  But "[s]uch an assumption is not appropriate, however–
and the inference of an exception to the requirement of § 2254(c) is therefore
not justified–where the claim has been presented for the first and only time in
a procedural context in which its merits will not be considered." *Id.*  Thus, in
*Castille*, the petitioner's presentation of his claims in petitions for allocator,
reviewed only where "'there are special and important reasons therefor,'
Pa.Rule App.Proc. 1114 . . . does not, for the relevant purpose, constitute 'fair
presentation.'" *Id.*  Similarly, where the TCCA has refused the PDR, and the
ineffective-assistance claims are presented in a pro se response to counsel's
*Anders* brief, and the state court has not necessarily addressed the claims on
the merits, those claims are not fairly presented, and thus not exhausted, for
purposes of federal habeas.

That being so, Loynachan's petition was not a mixed petition, but an
entirely unexhausted petition, and the district court appropriately dismissed
it.  Because we hold that Loynachan has not fairly presented his claims to the
state court, we do not reach the second question of whether dismissal of the
entire habeas application unreasonably impaired Loynachan's right to obtain
federal relief.

IV.

For the foregoing reasons, we thus **AFFIRM** the judgment of the district
court.

7